IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MICHAEL A. KRAUSE, #303163 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-209 |
| § | |
| JUDGE LONNIE COX, ETAL. § | |

**OPINION AND ORDER**

Before the Court is a Report and Recommendation from the United States Magistrate Judge which recommends that the Petition for Writ of Habeas Corpus of Michael A. Krause be denied.

In his objections to the Report and Recommendation, Krause complains that the Magistrate Judge misconstrued his pro se habeas Petition be treating it as a mandamus action. Since Krause named State District Judge Cox and Galveston County District Attorney Sistrunk as Respondents, rather than Sheriff Gean Leonard, his custodian, the re-characterization of his pleading appears appropriate. Nevertheless, the Court will **REJECT** the Report and Recommendation (Instrument no. 3) and treat Krause's pleading as one for habeas relief.

Unfortunately, for Krause, his Petition must be dismissed for his failure to exhaust his available state court remedies. See Deters v. Collins, 985 F.2d 789 (5th Cir. 1993)  Krause is complaining of undue pretrial delay in violation of his due process rights and § 17.151 of the Texas Code of Criminal Procedure. A state court Petition for a Writ of Habeas Corpus is the proper vehicle to challenge these alleged violations. See Ex Parte Brosky, 863 F.2d 775 (Tex. App -- Ft. Worth, 1993)  If Krause files a habeas Petition with the State District Court, that Court has a mandatory and constitutional duty to timely consider it on the merits. In Re Piper, 105 S.W.3d 107, 110 (Tex. App. -- Waco, 2003)  If the Petition is denied Krause must appeal

that decision through the state Court system before he may seek relief in federal Court.  If the State District Court unreasonably delays ruling on the petition, Krause can seek a Writ of Mandamus from the appropriate State Court of Appeals.  Id. (citing Kozacki v. Knize, 883 S.W.2d 760 (Tex. App -- Waco, 1994)    Because Krause has state Court remedies available to him, the instant federal Petition must be dismissed.

It is, therefore, the **ORDER** of this Court that the Petition for Writ of Habeas Corpus of Michael A. Krause is **DIMISSSED**, without prejudice, for failure to exhaust state court remedies.

**DONE** at Galveston, Texas, this 29th day of April, 2005.

_____
Samuel B. Kent
United States District Judge